UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FILED
at _____ O'clock & _____ min _____ M
NOV 21 2007
United States Bankruptcy Court
Columbia, South Carolina (19)

| | |
|---|---|
| IN RE: | C/A No. 04-09478-JW |
| Kevin S. Hall and Shannon P. Hall, | Chapter 13 |
| Debtor(s). | ORDER |

This matter comes before the Court on motion for relief from the automatic stay ("Motion") filed by JP Morgan Chase Bank ("Creditor"), who holds the mortgage on Debtors' primary residence. Debtors oppose the Motion, in part, based upon alleged defects in Creditor's Motion, Certification of Facts, and supporting affidavit.

Fed. R. Bankr. P. 9013 requires that all motions state with particularity the grounds for the relief sought. This requirement is not a rigid hurdle to relief but is designed to afford notice of the grounds for the motion to both the court and the opposing party and provide the opposing party with a meaningful opportunity to respond in court with enough information to process the motion correctly. See In re Aucoin, 150 B.R. 644, 647 (E.D. La. 1993). Additionally, applicable Local Rules require particular information to be provided in a required form, the Certification of Facts, which is designed to better advise the parties and the Court of the issues and promote settlement. See SC LBR 4001-1. In this case, Creditor's Certification of Facts and Motion fail to specify under which subsection of 11 U.S.C. § 362(d) that Creditor seeks relief.

Though Fed. R. Bankr. P. 9013 is flexible, the Motion is overly generic and fails to sufficiently state the basis for such relief. The Certification of Facts is also incomplete in that it does not state, as required by Local Rule, the subsection under which Creditor seeks relief. See SC LBR 4001-1(a)(2)(B) (stating that the movant shall file and serve a "completed certification of facts"); Exhibit B-1 to SC LBR 4001-1 (requiring movant to "state with specificity" the basis

1

for relief and grounds in support, including the applicable subsection of 11 U.S.C. § 362). Though not an issue in this case, the Certification of Facts also fails to list all post-petition payments made by Debtors.[1] Finally, the Motion does not appear to be consistent with the affidavit in support of the Motion in that the Motion appears to seek attorneys' fees for Don Rothwell while the affidavit indicates that Butler & Hosch, P.A. is owed fees for bringing the Motion. While meeting the technical requirements of Fed. R. Bankr. P. 9013 and SC LBR 4001-1 may be inconvenient for Creditor, denial of the Motion without prejudice is appropriate in this case so that Debtors have adequate notice of Creditor's grounds for relief and an opportunity to respond.

Despite this determination, the Court shall also consider the evidence presented in this matter. Without specifying 11 U.S.C. § 362(d)(2), the Motion references Debtors' alleged lack of equity in their home. Based upon this reference, Debtors testified and presented evidence that there was equity in the home of more than $15,000.00 and that the home is necessary for their reorganization. In support of its Motion, Creditor relied on the scheduled value of the home, a value which is nearly three years old. Based upon Debtors' uncontradicted evidence, the Court finds that Creditor is not entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

To the extent Creditor would seek relief under 11 U.S.C. § 362(d)(1), the Motion is also denied without prejudice. After years of successfully performing under their Plan, Debtors failed to timely pay for August, September, and October of 2007 due to a change in Mrs. Hall's income as a result of her loss of employment due to nursing training. Debtors offered payment on two

---

[1] There appears to be no dispute that Debtors were past due for three months at the time the Motion was filed, as it appeared that Creditor refused to accept payments from Debtors following their failure to timely make payments due in August and September.

occasions in October, which would appear to have brought them current, but Creditor refused the payments.[2] Debtors represent that they have the funds necessary to bring their account with Creditor current. In order to resolve the differences between the parties, the Court orders that Debtors pay Creditor all payments due through November of 2007 within fifteen (15) days of the entry of this Order. Creditor shall accept and properly credit the payments. Creditor may be entitled to any applicable late charges for August, September, and October but not November. Creditor shall not be entitled to charge to Debtors any attorneys' fees or costs incurred as a result of bringing the Motion. Debtors shall be deemed current with all post-petition obligations to Creditor through November of 2007 upon their timely payment of the past due mortgage payments and applicable late charges allowed herein.

For all the reasons stated and subject to the terms hereof, the Motion is denied without prejudice.

**AND IT IS SO ORDERED.**


UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina,
November 21, 2007

**ENTERED**

NOV 21 2007

L. G. R.

---

[2] As a result of the litigation and refusal to accept payments, it now appears that Debtors may also be past due for November.