**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 04-09478-JW |
| Kevin S. Hall and Shannon P. Hall, | Chapter 13 |
| Debtor(s). | ORDER |

FILED
at ___ O'clock & ___ ___M
JUL 2 4 2008
United States Bankruptcy Court
Columbia, South Carolina (4)

ENTERED
JUL 2 4 2008
K.E.P.

This Matter comes before the Court on the Debtors' Motion to Reopen Case, filed on May 21, 2008 ("Reopen Motion"), and Motion for Sanctions, filed on March 25, 2008 ("Sanctions Motion") (collectively "Motions"). J. P. Morgan Chase Bank ("Chase") filed objections to the respective Motions. Pursuant to Fed. R. Civ. P. 52, made applicable by Fed. R. Bankr. P. 7052 and Fed. R. Bankr. P. 9014(c), the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. On August 11, 2004, the Debtors filed a petition for relief under chapter 13 of the Bankruptcy Code.

2. On October 23, 2007, Chase filed a Motion for Relief from Stay pursuant to § 362.

3. By Order entered November 21, 2007, the Court denied without prejudice Chase's Motion for Relief from the Automatic Stay, noting, among other things, that while the Debtors were in default of their plan obligations by failing to make payment to Chase, the Motion and Affidavit filed by Chase were deficient and inconsistent in a number of respects, the Debtors had paid under their plan for several years and were near completion of the case and discharge, and the Debtors had demonstrated an ability to cure

the default immediately. Having weighed all the arguments and other considerations, the Court denied relief and provided the Debtors with the opportunity to cure, denied Chase attorneys' fees and costs in bringing the Motion, and found the Debtors current under the plan upon such a payment. Considering the admitted default by the Debtors, the Order did not find that the Motion for Relief from Stay had been filed in bad faith or without grounds. While counsel for the Debtors had reserved a right to seek sanctions, they had not pled the relief in their response and therefore it was not considered by the Court at that time.

4. On January 9, 2008, the Debtors, having completed payments under their chapter 13 plan, received a Discharge and the chapter 13 case was closed.

5. On March 25, 2008, more than two (2) months after the Debtors' case was closed and more than four (4) months after the order denying Chase's motion for relief from stay, the Debtors filed the Sanctions Motion. A hearing on the Sanctions Motion was not scheduled at that time because the case had not yet been reopened and Debtors' counsel was so advised.

6. On May 22, 2008, more than four (4) months after the Debtors' case was closed, the Debtors filed the Reopen Motion in order to prosecute their Sanctions Motion.

7. On June 12, 2008, Chase filed timely objections to the Reopen Motion and Sanctions Motion.

8. A hearing was originally scheduled for June 26, 2008, but it was continued by consent until July 23, 2008 upon request of counsel for the Debtors.

9. At the hearing on July 23, 2008, upon the Court's indication of its ruling, counsel for Chase represented that attorneys' fees, expenses or other charges incurred by

2

Chase or its counsel as a result of the filing of the Motions would not be changed to the Debtors under the note and mortgage.

## CONCLUSIONS OF LAW

Section 350(b) of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The decision whether to reopen a case depends on the circumstances of the individual case and is committed to the court's discretion. Hawkins v. Landmark Finance Co., 727 F.2d 324, 326 (4th Cir. 1984); In re Midlands Utility, Inc., 251 B.R. 296, 299 (Bankr. D.S.C. 2000); In re Paul, 194 B.R. 381, 383 (Bankr. D.S.C. 1995). "Among the factors that courts consider when making a determination under § 350(b) are the delay between the closing of the case and the motion to reopen as well as the prejudice that it would cause to [the] nonmovant." Midlands Utility, 251 B.R. at 299 (citing Reid v. Richardson, 304 F.2d 351, 355 (4th Cir. 1962).

In this case, the Debtors seek to reopen their case in order to seek sanctions against Chase for filing an allegedly improper motion for relief from stay. The Sanctions Motion seeks actual damages, including attorneys' fees and costs, emotional distress damages, treble damages pursuant to the South Carolina Unfair Trade Practices Act, and punitive damages, suffered by the Debtors as a result of a § 362 motion that was filed by Chase but denied by the Court on November 21, 2007. The Debtors also seek an order requiring Chase to disclose improperly completed Certification of Facts forms in all cases in this District and to disgorge any attorneys' fees awarded Chase in connection with those § 362 motions. Chase has challenged the appropriateness of any damages award

3

and the amount of attorneys' fees and costs and denied the appropriateness of any sanction.

The Court finds that the Debtors have failed to satisfactorily explain the more than four-month delay in the filing of Reopen Motion, which weighs in favor of the denial of the motion.[1] Further, the Debtors did not appear or offer testimony at the hearings on their Motions. Counsel for the Debtors indicated that the Debtors no longer wish to prosecute their claims for damages, but seek an order requiring Chase to pay their counsel the fee he had charged them in the matter, which was stated as $4,925.00, with a remaining balance of $3,065.00.[2]

Furthermore, the Court has reviewed the authority on which the Sanctions Motion is based and the prior findings in this matter as set forth in the Order of November 21, 2007 and finds that the reopening of the case would be futile because the Sanctions Motion should be denied. In the undersigned's view, the result of the November order was fair and appropriate and provided the Debtors with an opportunity to cure any default under their plan and mortgage and note, denied attorneys fees and costs to Chase, and provided a finding of the Debtors being current in their account upon the payment—all benefits to the Debtors. In addition, while the Court concluded that Chase's Motion was deficient, it did not find that Chase was incorrect in its filing of the Motion for Relief from Stay. The result achieved for the Debtors in this case—an opportunity to cure a limited default after a record of faithful payments and being so near completion of the case—was not particularly unusual, nor did it require the extreme efforts indicated by

---

[1] The Court further notes that the Sanctions Motion was filed more than four months after the entry of the Order denying Chase's motion for relief from the automatic stay.

[2] However, counsel for the Debtors also stated that he believed an award of punitive damages remained appropriate.

4

Debtors' counsel's response. Additionally, the facts of this case do not warrant or provide a suitable vehicle for a review of all motions ever filed by Chase in this District as sought by Debtors' counsel.

For the foregoing reasons and the findings and conclusions stated on the record of the hearing, the Motions are denied.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
July 24, 2008